FERRY E. LOPEZ (SBN 274080)
ferry.lopez@klgates.com
PAUL M. SUH (SBN 321028)
paul.suh@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd.
8th Floor
Los Angeles, CA 90067
Telephone:  310.553.500
Facsimile:   310.553.5001

Attorneys for Defendant,
LABORATORY CORPORATION OF
AMERICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL ROSADO CRUZ, as an individual and on behalf of all similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF PAUL M. SUH IN SUPPORT OF DEFENDANT LABORATORY CORPORATION OF AMERICA'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332(d), 1441, & 1446]**<br><br>San Bernardino Superior Court Case No. CIVSB2433552 (*originally filed in County of San Bernardino Superior Court on November 6, 2024*) |

322574841.1

1

## DECLARATION OF PAUL M. SUH

I, Paul M. Suh, hereby declare and state as follows:

1.    I am an associate at the law firm of K&L Gates LLP, counsel for Defendant Laboratory Corporation of America ("Defendant") in the above-entitled matter.  I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and am responsible for representing said Defendant in this action. Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2.    Attached hereto as Exhibit A is a true and correct copy of the Class Action Complaint served on Defendant in the matter of *Miguel Angel Rosado Cruz*, as an individual and on behalf of all similarly situated employees *v. Laboratory Corporation of America,* and DOES 1 through 50, inclusive, Case No. CIVSB2433552 (the "State Court Action"), served on January 28, 2025, via Notice of Acknowledgment and Receipt.

3.    Attached hereto as Exhibit B is a true and correct copy of the Notice and Acknowledgement of Receipt of Plaintiff's Complaint, Summons, Civil Case Cover Sheet, Notice of Status Hearing on Petition and Case Assignment, Notice of Required Documents, Certificate of Assignment, and Notice of Deposit of Jury Fees.

4.    Attached as Exhibit C is a true and correct copy of Defendant's Answer to Plaintiff's Class Action Complaint filed by Defendant in the State Court Action on February 26, 2025.

5.    As of the date of this removal, it is my understanding that no other parties have been named or validly served in this matter. It is also my understanding that, as of the date of this removal, no other pleadings, process, or orders have been served upon Defendant, or filed in the State Court Action, other than those attached hereto. It is also my understanding that, as of the date of this removal, no proceedings have been heard in San Bernardino County Superior Court in the State Court Action.

322574841.1

2

1    Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under

2  the laws of the United States, that the foregoing is true and correct, and that this

3  declaration was executed on February 27, 2025, at Los Angeles, California.

4

5    _____

6    Paul M. Suh

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

322574841.1

3

**DECLARATION OF PAUL M. SUH IN SUPPORT OF NOTICE OF REMOVAL**

# EXHIBIT A

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
11/6/2024 5:35 PM
By: Stephanie Garcia, DEPUTY

Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
John A. Young (SBN: 299809)
jyoung@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiff MIGUEL ANGEL ROSADO CRUZ as individual and on behalf of all employees similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MIGUEL ANGEL ROSADO CRUZ as an individual and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA, and DOES 1 through 50, inclusive<br><br>Defendant. | Case No.:  CIVSB2433552<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Failure to Pay All Wages Including Minimum Wages and Overtime Wages (Labor Code § 510);<br>2. Failure to Provide Meal Periods (Labor Code §§ 226.7 and 512);<br>3. Failure to Provide Rest Periods (Labor Code § 226.7);<br>4. Failure to Timely Pay Wages at Separation (Labor Code §§ 201, 202, 203);<br>5. Failure to Provide Accurate Itemized Wage Statements (Labor Code §§ 1174, 266 (A), (E)); and<br>6. Unfair Business Practices (Bus. Prof. Code Section 17200 et seq.).<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

Plaintiff MIGUEL ANGEL ROSADO CRUZ ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges, on information and belief, the following:

## **INTRODUCTION**

1.     This is a class action brought on behalf of Plaintiff and the class he seeks to represent ("Plaintiff Class" or "Class Members") pursuant to California Code of Civil Procedure section 382. Plaintiff Class consists of all non-exempt, hourly-paid employees currently and/or formerly employed by Defendant LABORATORY CORPORATION OF AMERICA ("Defendant"), in the State of California during the Class Period. The term "Class Period" is defined as four (4) years prior to the filing of this complaint through the date of certification. Plaintiff reserves the right to amend this complaint to reflect a different "Class Period" or "Plaintiff Class" as further discovery is conducted.

2.     Plaintiff individually and on behalf the class he seeks to represent, seek relief against Defendant for Defendant's practice of violating the applicable wage orders, the applicable Code of Regulations, and California Labor Codes, including: (1) failure to pay minimum and overtime wages, (2) failure to provide meal and rest periods or compensation in lieu thereof, (3) failure to pay wages at separation, (4) failure to provide accurate itemized wage statements; and (5) unfair business practices. These violations concern current and past employees of Defendant.

3.     Plaintiff brings this lawsuit seeking injunctive, restitution, and monetary relief against Defendant, and each of them, on behalf of Plaintiff individually, and on behalf of all aggrieved and similarly-situated employees to recover, among other things, unpaid wages and benefits, interest, penalties, liquidated damages, attorney's fees and costs pursuant to California Labor Code sections 201, 202, 203, 204, 226, subdivision (a), 226.3, 226.7, 510, 511, 512, 1174, 1174.5 and California Code of Civil Procedure section 1021.5, and applicable provisions of IWC Wage Order. Plaintiff reserves the right to name additional representatives throughout the State of California.

///

///

CLASS ACTION COMPLAINT FOR DAMAGES

**JURISDICTION AND VENUE**

4.      Venue is proper in this Judicial district and the County of San Bernardino, pursuant to Code to Civil Procedure section 395, because Defendant maintain its location and transacts business in this county, the obligations and liability arise in this county, and work was performed by Plaintiff and members of the hourly non-exempt Class Members, in this county, makes the subject of this action in the County of San Bernardino, California. Furthermore, Defendant employed Plaintiff and numerous Class Members within the State of California, and the unlawful acts alleged herein have a direct effect on Plaintiff and the Class Members.

5.      The California Superior Court has jurisdiction in the matter because the individual claims are under the seventy-five thousand dollars ($75,000.00) individual jurisdictional threshold and the five million dollars ($5,000,000.00) aggregate jurisdictional threshold for federal court and, upon information and belief, Plaintiff and Defendant are residents of and/or domiciled in the State of California. Further, there is no federal question at issue as the issues herein are based solely on California statutes and law, including the California Labor Code, Industrial Welfare Commission Wage Orders, Code of Civil Procedure, California Rules of Court, and The Business and Professions Code. Thus, the above-entitled court maintains appropriate jurisdiction to hear this matter.

**THE PARTIES**

**Plaintiff**

6.      Plaintiff was employed by Defendant beginning in or around 2018, until in or about December 2023. At all relevant times herein, Plaintiff was employed by Defendant in a non-exempt, hourly position, and was entitled to compensation for all hours worked, overtime compensation, and penalties from Defendant. Each of the Class Members are identifiable, current and/or formerly similarly situated persons who were employed in non-exempt hourly positions in California for Defendant during the Class Period.

**Defendant**

7.      Plaintiff is informed and believes, and based thereon alleges, that Defendant is and/or was the employer of Plaintiff and Class Members during the Class Period. On

CLASS ACTION COMPLAINT FOR DAMAGES

information and belief, and based thereon, Plaintiff alleges that Defendant is conducting business in good standing in California, and at all time herein mentioned has regularly conducted business throughout the State of California.

8.      Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendant sued herein as DOES 1 through 50, inclusive, but on information and belief allege that said Defendant is legally responsible for the payment of wages, and the payment of meal period compensation, to Plaintiff and Plaintiff Class by virtue of their unlawful practices, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

9.      Plaintiff is informed and believe, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plain or policy in all respects pertinent hereto, and the acts of each Defendant legally attributable to the other Defendant. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and Plaintiff Class.

10.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the co-Defendants, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with the permission and consent of the co-Defendants. Plaintiff also alleges the acts of each Defendant are legally attributable to the other Defendants.

11.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants sued herein was, at all relevant times, the employer, owner, shareholder, principal, joint venture, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer and/or alter-ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such employment and agency, with the express and implied permission, consent and knowledge, approval and/or ratification of the other Defendants. The

above co-Defendants, managing agents, and supervisors, aided, abetted, condoned, permitted, approved, authorized and/or ratified the unlawful acts described herein.

## GENERAL ALLEGATIONS

12.    Plaintiff and the Class Members are, and at all times relevant herein, have been non-exempt employees within the meaning of the California Labor Code and the implementing rules and regulations of IWC California Wage Orders.

13.    Plaintiff is informed and believes, and based thereon alleges, that Defendant's policies and practices described herein are common across each of Defendant's locations.

14.    Defendant employed Plaintiff as a non-exempt hourly employee.

15.    Plaintiff is informed and believes, and based thereon alleges, that Defendant instituted a policy and practice against its employees wherein overtime wages due were not paid in compliance with California law. Plaintiff is informed and believes and based thereon alleges that Defendant instituted a policy and practice against its employees wherein Defendant failed to include all remuneration paid to all hourly non-exempt employees when calculating Plaintiff's and Plaintiff Class' regular rate for purposes of overtime rate of pay. Specifically, Defendant paid hour non-exempt employees incentive payments and shift differential pay and failed to include it when calculating Plaintiff's and Plaintiff's Class' regular rate for purposes of overtime rate of pay. In addition, Plaintiff and Plaintiff Class were required to work and subject to Defendant's control off-the-clock during the Class Period.

16.    Plaintiff is informed and believes, and based thereon alleges, that Defendant was obligated to provide Plaintiff and Class Members with a work-free, thirty (30) minute meal period within the first (1st) five (5) hours of a shift for workdays in excess of six (6) hours, and a second (2nd) thirty (30) minute meal period within the tenth (10th) hour of a shift for workdays in excess of ten (10) hours, in compliance with Labor Code Section 512. Defendant routinely denied Plaintiff and Class members a full, thirty (30) minute, off-duty meal period when they worked in excess of six (6) hours within the first five (5) hours of their shifts, and routinely denied Plaintiff and Class members a second (2nd) thirty (30) minute meal period within the tenth (10th) hour of their shifts. On information and belief, neither Plaintiff nor Class Members

waived their lawful meal periods or received compensation from Defendant for their missed meal periods.

17.    Additionally, Defendant was obligated to provide Plaintiff and Class Members with a ten (10) minute rest break for every four (4) hours, or major fraction thereof, worked each day. Defendant prevented Plaintiff and Class Members from taking rest breaks throughout their shifts. This was due in part to Defendant's policy and practice of providing inadequate coverage to allow for breaks to be taken.

18.    Plaintiff is informed and believes, and based on thereon alleges, that Defendant willfully failed to pay Class Members all wages earned, including regular, overtime and double-time wages and compensation for missed meal periods, in a timely manner upon or after termination of their employment with Defendant.

19.    At relevant times herein, Plaintiff and the Class Members were employed by Defendant, and were paid predominately on an hourly basis.

20.    On information and belief, Plaintiff alleges that Defendant's actions as described throughout this complaint were willful.

21.    On information and belief, Plaintiff alleges that Defendant willfully failed to pay the legal wages, failed to provide legal meal periods, and willfully failed to pay one (1) hour's wages in lieu of meal periods, when each such employee quit or was discharged.

22.    Plaintiff, on behalf of herself and all other Class Members, brings this action pursuant to Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 511, 512, 1194, and 1197, California Business and Professions Code Section 17200 et seq., and Code of Regulations. Title 8, Section 11000 et seq., seeking unpaid wages, unpaid meal period compensation, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

23.    Plaintiff, on behalf of herself and Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices, alleged in this complaint.

///

///

CLASS ACTION COMPLAINT FOR DAMAGES

## CLASS ALLEGATIONS

24.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent Classes composed of and defined as follows:

(a)     All Class Members who are employed or have been employed by Defendant in the State of California, and who, within the four (4) years prior to the filing of this complaint to the present, have worked as a non-exempt employee and were not paid all wages owed, including, but not limited to, the legally requisite minimum wages, overtime wages, or double-time wages;

(b)     All Class Members who are employed or have been employed by Defendant as non-exempt, hourly-paid employees who, within the four (4) years prior to the filing of this class action complaint to the present, have worked as non-exempt employees and have not been provided a meal period for every five (5) hours or major fraction thereof worked per day, and were not provided one (1) hour's pay for each day on which such meal period was not provided;

(c)     All Class Members who are employed or have been employed by Defendant as non-exempt, hourly-paid employees who, within the four (4) years prior to the filing of this class action complaint to the present, have worked as non-exempt employees and have not been provided a rest period and were not provided one (1) hour's pay for each day on which such mean period was not provided;

(d)     All Class Members who have been employed by Defendant in the State of California as non-exempt, hourly-paid employees who, within the four (4) years prior to the filing of this class action complaint to the present, separated their employment from Defendant and have not been paid wages pursuant to

- 7 -

Labor Code Section 203 and are owed restitution for waiting time penalties deriving from such wages;

(e)    All Class Members who have been employed by Defendant in the State of California as non-exempt, hourly-paid employees who, within one (1) year prior to the filing of this class action complaint to the present, who received an inaccurate wage statement in violation of Labor Code Section 226.

25.    Plaintiff reserves the right under rule 3.764 of the California Rules of Court, to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

26.    This action has been brought and may be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

**A.    Numerosity**

27.    The potential members of each Class defined herein are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members have not been determined at this time, Plaintiff is informed and believes that Defendant currently employs, and during the relevant time period employed, hundreds of employees in positions as Defendant's non-exempt employees in California, who are or have been affected by Defendant's unlawful practices as alleged herein.

28.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Upon information and belief, Plaintiff alleges Defendant's employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Classes is not Practicable.

**B.    Commonality**

29.    Common questions of law and fact predominate over any questions affecting only individuals Class Members. These common questions of law and fact include, without limitation:

CLASS ACTION COMPLAINT FOR DAMAGES

a.   Whether Plaintiff and Class Members are entitled to regular wages from Defendant under applicable IWC Wage Orders, regulations and Statutes for hours worked but not paid;

b.   Whether Plaintiff and Class Members are entitled to overtime compensation from Defendant under applicable IWC Wage Orders, regulations and statutes for hours worked over eight (8) hours per workday or over forty (40) hours in a work week;

c.   Whether Defendant failed, and continues to fail, to authorize and permit Plaintiff and the Plaintiff Class to take rest breaks, or pay premium compensation in lieu thereof;

d.   Whether Plaintiff and Class Members are entitled to double-time compensation from Defendant under applicable IWC Wage Orders, regulations and statutes for hours worked over twelve (12) hours per workday or in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek;

e.   Whether Defendant failed and continues to fail to provide complaint meal periods to Plaintiff and Class Members;

f.   Whether Defendant violated sections 201, 202, and 203 of the Labor Code by failing to pay all earned wages and/or premium wages or return unlawfully deducted wages due and owing at the time that any Class Member's employment with Defendant terminated, voluntarily or involuntarily;

g.   Whether Defendant violated section 17200 et seq. of the Business and Professions Code Labor Code sections 201, 202, 203, 351, 226.7, 510, 511, 512, 1194, 1174, and applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

h.   Whether Plaintiff and Class Members are entitled to equitable relief pursuant to Business and Professions Code section 17200 et seq.

///

- 9 -

CLASS ACTION COMPLAINT FOR DAMAGES

## C.  Typicality

30.  Plaintiff's claims are typical of the claims of the Plaintiff Class. Plaintiff and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

## D.  Adequacy of Representation

31. Plaintiff will fairly and adequately represent and protect the interest of all Class Members. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

## E.  Superiority of Class Action

32. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices alleged in the complaint.

33. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (Plaintiff and Plaintiff Class Member against Defendant)

34.    Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

35.    Upon information and belief, Defendant maintains, and has maintained throughout the Class Period, a consistent policy and practice of failing to pay wages, including minimum, overtime and double-time wages, for hours actually worked.

///

CLASS ACTION COMPLAINT FOR DAMAGES

36.     As a result of Defendant's unlawful acts, Plaintiff and Class Members have been deprived of regular wages, overtime and double-time compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code section 1194 and 1199.

37.     Upon information and belief, Defendant failed to include all remuneration paid to hourly non-exempt employees for incentive payments and other types of remuneration including shift differential payment, which are not statutory, when calculating Plaintiff's and Plaintiff Class' regular rate for purposes of overtime and double-time rate of pay. In addition, Plaintiff and class members were obligated to work off-the-clock as a result of Defendant's failure to adequately staff employees and Defendant exerted control of Plaintiff and class members off-the-clock.

38.     Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendant's unpaid wage violations including interest thereon, reasonable attorney's fees and costs of suit, penalties, and liquidated damages to the fullest extent permissible including those permitted pursuant to Labor Code Sections 1194 and 1194.2 and Code of Civil Procedure Section 1021.5.

39.     WHEREFORE, Plaintiff and Class Members requests relief as described herein and below.

## <u>SECOND CAUSE OF ACTION</u>

## **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

## **(Plaintiff and Plaintiff Class Member against Defendant)**

40.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

41.     Defendant maintains, and has maintained throughout the Class Period, a policy and practice of failing to provide lawful work-free meal periods to Plaintiff and Class Members, due in part to Defendant's failure to adequately staff workers to all Plaintiff and Class members to take their meal period prior to their fifth (5th) hour of work, for the days on which non-exempt employees work periods in excess of five (5) hours. Further, Defendant failed to provide

Plaintiff and Class Members a second (2nd) meal period on days on which non-exempt employees worked periods in excess of ten (10) hours. Defendant failed to provide Plaintiff and Class Members with compensation for their missed and non-complaint meal periods.

42. By failing to provide meal periods on the days non-exempt employees worked periods in excess of five (5) hours, or a second (2nd) meal period on the days non-exempt employees worked periods in excess of ten (10) hours, and failing to compensate said employees one (1) hour's wages in lieu of meal periods, as alleged above, Defendant willfully violated the provisions of Labor Code sections 226.7 and 512, Section 16 of the IWC Wages Orders, and Code of Regulations., Title 8, Section 11000 *et seq.*

43. Plaintiff and Class Members did not voluntarily or willfully waive meal periods. Further, even if Defendant paid a meal premium, any meal premium paid was less than Plaintiff and Plaintiff Class' regular rate of pay as a result of failing to include all renumeration.

44. As a result of the unlawful acts of Defendant, Plaintiff and each Class Member Plaintiff seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 203, 218.5, 226, 226.7, and 1194, and applicable IWC Wages Orders.

45. Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendant's meal period violations including interest thereon, reasonable attorney's fees and costs of suit, and penalties to the fullest extent permissible including those permitted to Labor Code sections 226.7, 512 and Code of Civil Procedure Section 1021.5.

46. WHEREFORE, Plaintiff and Class Members request relief as described herein and below.

///

///

///

///

- 12 -

CLASS ACTION COMPLAINT FOR DAMAGES

### THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE REST PERIOD OR COMPENSATION IN LIEU THEREOF**

**(Plaintiff and Plaintiff Class against Defendant)**

47.    Plaintiff and Plaintiff Class re-allege and incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

48.    The IWC Wage Orders and Labor Code section 226.7 provides that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours or major fraction thereof.

49.    *Labor Code* § 226.7, subdivision (b) provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

50.    During the Class Period, Defendant did not provide Plaintiff and Class Members Plaintiff and Class Members were not provided lawful rest periods.

51.    Defendant failed and/or refused to implement a relief system by which Plaintiff and Class Members could receive rest periods and/or work free rest periods.  By and through its actions, Defendant intentionally and improperly denied rest periods to the Plaintiff and Plaintiff Class in violation of *Labor Code* §§ 226.7 and 512.

52.    At all times relevant hereto, Plaintiff and Plaintiff Class have worked more than four (4) hours in a workday.

53.    By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiff and Plaintiff Class as a result of their scheduling and shift relief system, Plaintiff and Plaintiff Class have suffered, and will continue to suffer, damages, in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

54.    Plaintiff, individually and on behalf of employees similarly situated, request recovery of rest period compensation pursuant to *Labor Code* § 226.7 for the four (4) years

prior to filing this Complaint, as well as the assessment of any statutory penalties against Defendant, and each of them, in a sum as provided by the Labor Code and/or any other statute.

### FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES AT SEPARATION

#### (Plaintiff and Plaintiff Class against Defendant)

55.    Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

56.    Sections 201 and 202 of the California Labor Code require Defendant to pay its employees all wage due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed thirty (30) days of wages.

57.    Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including, but not limited to, minimum wages, regular wages, overtime and double-time wages earned but not paid, and unprovided meal periods, but to date have not received such compensation, therefore entitling them Labor Code section 203 penalties.

58.    More than thirty (30) days have passed since Plaintiff and affected Class Members have left Defendant's employ, and on information and belief, they have not received payment pursuant to Labor Code section 203. As a consequence of Defendant's willful conduct in not paying all earned wages, Plaintiff and the affected Class Members are entitled to thirty (30) days wages as a penalty under Labor Code section 203 for failure to pay legal wages.

59.    Plaintiff and the affected Class Members are also entitled to an additional thirty (30) days wages as a penalty under Labor Code section 203 for willful failure to pay one (1) hour's wages in lieu thereof for denied meal periods, together with interest thereon and attorneys' fees and costs.

60.    Plaintiff seeks to recover in a civil action all remedies to the fullest extent permissible including those permitted pursuant to Labor Code section 203.

///

61.     WHEREFORE, Plaintiff and the affected Class Members request relief as described herein and below.

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENT AND MAINTAIN RECORDS

### (Plaintiff and Plaintiff Class against Defendant)

62.     Plaintiff incorporates all previous paragraphs of this complaint by reference as through fully set forth herein.

63.     Labor Code section 1174, subdivision (d), requires an employer to keep at a central location in California or at the plant or establishment at which the employees are employed, payroll records showing the hours worked daily and the wages paid to each employee (Lab. Code § 1174, subd. (d).)

64.     Labor Code section 226, subdivision (a) states that an employer "shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four (4) digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." (Lab. Code, § 226, subd. (a).)

65.     Labor Code section, 226 subdivision (e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the gross and net wages earned, the total hours worked by the employee and the applicable hourly overtime rates,

causing the employee injury, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to four thousand dollars ($4,000.00).

66.    Industrial Welfare Commission ("IWC") Wage Order Number 5-2001, paragraph (7)(3) requires that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work period, the total daily hours worked by each employee and the total hours worked in each payroll period, and total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay. Plaintiff is informed and believes that Defendant willfully and intentionally failed to make and/or keep records which accurately reflect the hours and wages worked by the Plaintiff and Plaintiff Class. Specially, Plaintiff believes that Defendant's records do not accurately reflect the wages owed in the form of the lawful minimum wage, overtime pay and statutory premiums for non-complaint meal and rest periods.

67.    As described above, Plaintiff is informed and believes that Defendant willfully failed to make or keep accurate records for Plaintiff and Plaintiff Class by failing to pay all wages owed, including minimum wage, overtime premiums and/or double-time premiums, for worked performed off-the-clock and thereby failing to maintain accurate records.

68.    Plaintiff is informed and believes that Defendant's failure to keep and maintain accurate records and information and to provide Plaintiff and Plaintiff Class accurate itemized wage statements, as described above, was knowing and intentional, and Plaintiff and Plaintiff Class are entitled to statutory penalties for each pay period in which a violation occurred. As such, Plaintiff seeks penalties under Labor Code section 226, subdivision (e). Plaintiff further seeks recovery of attorneys' fees and costs pursuant to Labor Code section 226, subdivision (e), and as otherwise permitted by law.

///

///

///

CLASS ACTION COMPLAINT FOR DAMAGES

## **SIXTH CAUSE OF ACTION**

### **VIOLATION OF UNFAIR COMPETITION LAW**

#### **(Plaintiff and Plaintiff Class against Defendant)**

69.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

70.     On information and belief, Plaintiff alleges that Defendant engaged in conduct and maintained policies and practices that constitute false, fraudulent, unlawful, unfair, and deceptive business practices in violation of Business and Professions Code section 17200 et seq. (hereinafter the "Unfair Competition Law"). Plaintiff alleges that each of the following policies and practices of Defendant violate the Unfair Competition Law:

> a.  Requiring employees to work in excess of five (5) hours per pay without being provided a lawful meal period, or requiring employees to work in excess of ten (10) hours without being provided a lawful second (2nd) meal period, and failing to compensate such employees with one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

> b.  Failing to pay all earned wages, including overtime and double-time wages, to Plaintiff and Class Members.

71.     The actions of Defendant as alleged within this complaint constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code section 17200 et seq.

72.     Plaintiff and Class Members are entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

73.     As a result of its unlawful acts, Defendant has reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff and Class Members. Defendant should be enjoined from these activities and restore to Plaintiff and Class Members the wrongfully withheld wages pursuant to Business and Professions Code section 17203. Plaintiff is informed

and believes, and thereon alleges, that Defendant has been unjustly enriched through Defendant's unlawful, unfair, and fraudulent business practices as alleged throughout this complaint. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff and Class Members are prejudiced by Defendant's unfair trade practices.

74.    As direct and proximate result of Defendant's unfair business practices, Plaintiff, and Class Members are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully withheld from Plaintiff and Class Members as a result of the business acts and practices described herein, and enjoining Defendant to cease and desist from engaging in the practices described herein.

75.    The unlawful conduct alleged herein is continuing, and there is no indication that Defendant will cease such activity in the future. Plaintiff alleges that if Defendant is not enjoined from the conduct set forth in this complaint, it will continue to engage in the unlawful conduct previously alleged in this complaint and will continue to fail to pay and to avoid paying appropriate wages, taxes, insurance, and unemployment withholdings.

76.    Plaintiff further requests that this Court issue a preliminary and permanent injunction prohibiting Defendant from engaging in the unfair, unlawful, and/or fraudulent practices alleged in this complaint.

77.    WHEREFORE, Plaintiff and Class Members request relief as described herein and below and as deemed just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

1.  That the Court determine that this action may be maintained as a class action;

2.  That Plaintiff be appointed the representative of each proposed Class, as appropriate;

3.  That the attorneys of record for Plaintiff whose name appears in this complaint be appointed class counsel;

4.  For compensatory damages in an amount according to proof with interest thereon;

5.  For economic and/or special damages in an amount according to proof with interest thereon;

6.  That Defendant be found to have engaged in unfair competition in violation of Business and Professions Code section 17200 *et seq.*;

7.  That Defendant be ordered and enjoined to make restitution to each Class due to its unfair competition, pursuant to Business and Professions Code sections 17203 and 17204;

8.  That Defendant be enjoined from continuing the unlawful course of conduct alleged herein;

9.  That Defendant be enjoined from further acts of restraint of trade or unfair competition;

10. Injunctive relief, enjoining Defendant's practice as being unlawful and unfair business practices complained herein;

11. Declaratory relief, enjoining Defendant's practices as being unlawful and unfair business practices within the meaning of Business & Professions Code section 17200, et seq.;

12. For penalties to the extent permitted pursuant to the Labor Code, Orders of the Industrial Welfare Commission including, but not limited to, waiting time penalties under Labor Code section 203, and penalties under Labor Code section 226, subdivision (e), 226.3, 210, 226.7, and 1174.5;

13. For attorneys' fees, interest, and costs of suit under Labor Code sections 218.5, 1194 and other applicable provisions of law outside the Labor Code; and

///
///
///
///
///
///
///
///

- 19 -

CLASS ACTION COMPLAINT FOR DAMAGES

14. For such other and further relief as the Court deems just and proper.

Dated: November 6, 2024                 **MAHONEY LAW GROUP, APC**

_____

Kevin Mahoney
John A. Young
Attorneys for Plaintiff MIGUEL ANGEL
ROSADO CRUZ, as an individual and on behalf
of all similarly situated employees

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: November 6, 2024                 **MAHONEY LAW GROUP, APC**

_____

Kevin Mahoney
John A. Young
Attorneys for Plaintiff MIGUEL ANGEL
ROSADO CRUZ, as an individual and on behalf
of all similarly situated employees

CLASS ACTION COMPLAINT FOR DAMAGES

**EXHIBIT B**

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:          STATE BAR NO.: 299809<br>NAME: John A. Young, Esq.<br>FIRM NAME: MAHONEY LAW GROUP, APC<br>STREET ADDRESS: 249 E. Ocean Blvd., Suite 814<br>CITY: Long Beach                    STATE: CA    ZIP CODE: 90802<br>TELEPHONE NO.: (562) 590-5550        FAX NO.: (562) 590-8400<br>E-MAIL ADDRESS: jyoung@mahoney-law.net<br>ATTORNEY FOR (Name): Plaintiff Miguel Angel Rosado Cruz | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS:    247 W. Third Street
MAILING ADDRESS:  247 W. Third Street
CITY AND ZIP CODE:   San Bernardino, CA
BRANCH NAME:    San Bernardino Justice Center

Plaintiff/Petitioner:    Miguel Angel Rosado Cruz

Defendant/Respondent:    Laboratory Corporation Of America

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CIVSB2433552 |

TO *(insert name of party being served):* Laboratory Corporation Of America

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:    January 8, 2025

John A. Young
(TYPE OR PRINT NAME)

▶    _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [ x ] A copy of the summons and of the complaint.
2. [ x ] Other *(specify):* Certificate of Assignment,
   Notice of deposit jury fees, Notice of Required
   Documents, Notice of Status Hearing on Petition
   and Notice of Case Assignment for all purposes

*(To be completed by recipient):*

Date this form is signed:    January 28, 2025

Paul M. Suh, Attorneys for defendant
Laboratory Corporation of America
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶    _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

POS-015
www.courtinfo.ca.gov

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**PROOF OF SERVICE**

*[Miguel Angel Rosado Cruz v. Laboratory Corp. of America,* SBSC Case No. CIVSB2433552]

    I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

    On **January 28, 2025**, I served the document(s) described as:

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT-CIVIL**

on the interested parties in this action by delivering a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| John A. Mahoney | *Attorneys for Plaintiff* |
| MAHONEY LAW GROUP, APC | Miguel Angel Rosado Cruz |
| 249 East Ocean Boulevard, Suite 814 | |
| Long Beach, CA 90802 | |
| Telephone: (562) 590-5550 | |
| Facsimile:  (562)-590-8400 | |
| Email:  jyoung@mahoney-law.net | |

☒    **MAIL:**  I placed for collection and processing such envelope(s) to be deposited in the mail at Los Angeles, California, with postage thereon fully prepaid to the office of the addressee(s) as indicated above.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business herein attested to  (C.C.P. § 1013(a)).  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒    **BY EMAIL:**  I sent copies of the document(s) to the above counsel via email at the address(es) listed above.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on **January 28, 2025**, at Los Angeles, California.

_____
Jonathan Randolph

**PROOF OF SERVICE**

RECYCLED PAPER

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LABORATORY CORPORATION OF AMERICA, and DOES 1 through 50, inclusive

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
11/25/2024
By: Stephanie  Garcia, DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MIGUEL ANGEL ROSADO CRUZ as an individual and on behalf of all similarly situated employees,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Justice Center<br><br>247 West 3rd Street, San Bernardino, CA 92415 | CASE NUMBER:<br>*(Número del Caso):*    CIVSB2433552 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Mahoney, Esq. MAHONEY LAW GROUP 249 E. Ocean Blvd., Suite 814 Long Beach, CA 90802 (562) 590-5550

| DATE:<br>*(Fecha)* | 11/25/2024 | Clerk, by<br>*(Secretario)* | /s/ Stephanie  Garcia | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| \*\*complex - Class Action\*\* Rosado Cruz -v- Laboratory Corporation Of America Et Al | |
|---|---|
| **NOTICE OF STATUS HEARING ON PETITION AND NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES** | Case Number |
| | CIVSB2433552 |

Mahoney Law Group, APC
249 E Ocean Blvd
Suite 814
Long Beach CA 90802

Please take notice that the above-entitled case has been set for a Status Hearing on Petition.

06/16/2025 at 9:00 AM in Department S29 - SBJC
6/16/2025 at 9:00 AM in Department S29 - SBJC

This hearing is set for the Court's monitoring purposes only and not for the determination of your petition. If a Notice of Hearing is filed, this status hearing date will be vacated. If no Notice of Hearing is filed and there is no appearance at the status hearing, your case may be set for an Order to Show Cause regarding Dismissal.

This case has been assigned to Judge Nicole Quintana Winter in Department S29 - SBJC for all purposes

Date: 12/16/2024                              Anabel Z. Romero, Court Executive Officer

By: _____
Stephanie Garcia, Deputy Clerk

--------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing: 12/16/2024
I declare under penalty of perjury that the forgoing is true and correct. Executed on 12/16/2024 at San Bernardino

By: _____
Stephanie Garcia, Deputy Clerk



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| **complex - Class Action** Rosado Cruz -v- Laboratory Corporation Of America Et Al | |
|---|---|
| **NOTICE OF REQUIRED DOCUMENTS** | Case Number |
| | CIVSB2433552 |

Mahoney Law Group, APC
249 E Ocean Blvd
Suite 814
Long Beach CA  90802

Please provide the required missing documents listed below promptly:

 Please provide a Certificate of Assignment.

Date:  12/16/2024                  Anabel Z. Romero, Court Executive Officer

                                   By:   _Stephanie Garcia_____
                                              Deputy Clerk

---------------------------------------------------------------------------------------------
---------------------------------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice:

☒  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

Executed on 12/16/2024 at San Bernardino

                                   By:   _Stephanie Garcia_____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Miguel Angel Rosado Cruz

Case No.: CIVSB2433552

vs.

**CERTIFICATE OF ASSIGNMENT**

Laboratory Corporation Of America

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General        ☐ Collection

**Nature of Action**          **Ground**

| | | |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district                            . |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Labcorp                                                  10801 Foothill Blvd, Ste 104
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR          ADDRESS

Rancho Cucamonga                    California              CA
CITY                                STATE                ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on December 19, 2024 at Long Beach, California _____, California.

_____
Signature of Attorney/Party

Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
John A. Young (SBN: 299809)
jyoung@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA  90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiff MIGUEL ANGEL ROSADO CRUZ as individual and on behalf of all employees similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MIGUEL ANGEL ROSADO CRUZ, as an individual and on behalf of all similarly situated employees<br><br><br><br>                  Plaintiff,<br><br>  v.<br><br><br>LABORATORY CORPORATION OF AMERICA, and DOES 1 through 50, inclusive<br><br><br>               Defendant. | Case No.: CIVSB2433552<br><br>**CLASS ACTION**<br><br>**NOTICE OF DEPOSIT OF JURY FEES**<br><br>Assigned for all purposes to:<br>Hon. Nicole Quintana Winter, Dept. S29<br><br>Complaint Filed:    November 6, 2024<br>Trial Date:        Not Yet Set |

NOTICE OF DEPOSIT OF JURY FEES

**TO THE HONORABLE COURT AND DEFENDANTS:**

**PLEASE TAKE NOTICE** that pursuant to Code of Civil Procedure section 631(b), Plaintiff, MIGUEL ANGEL ROSADO CRUZ has posted the requisite jury fees in the amount of $150.

Dated: December 19, 2024                    **MAHONEY LAW GROUP, APC**

_____

Kevin Mahoney
John A. Young
Attorneys for Plaintiff MIGUEL ANGEL
ROSADO CRUZ, as an individual and on behalf
of all similarly situated employees

NOTICE OF DEPOSIT OF JURY FEES

# EXHIBIT C

1  FERRY E. LOPEZ (SBN 274080)
2  Ferry.Lopez@klgates.com
   PAUL M. SUH (SBN 321028)
3  Paul.Suh@klgates.com
   K&L GATES LLP
4  10100 Santa Monica Boulevard
   8th Floor
5  Los Angeles, CA 90067
   Telephone:   (310) 552-5000
6  Facsimile:    (310) 552-5001

7
   Attorneys for Defendant,
8  LABORATORY CORPORATION OF
   AMERICA
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    THE COUNTY OF SAN BERNARDINO

12

13  MIGUEL ANGEL ROSADO CRUZ, as an        Case No. CIVSB2433552
    individual and on behalf of all similarly
14  situated employees,                     **DEFENDANT LABORATORY
                                            CORPORATION OF AMERICA'S
15               Plaintiffs,                ANSWER TO PLAINTIFF MIGUEL
                                            ANGEL ROSADO CRUZ'S CLASS
16         v.                               ACTION COMPLAINT**

17  LABORATORY CORPORATION OF
    AMERICA; and DOES 1 to 50, inclusive,   Complaint Filed: November 6, 2024
18
                 Defendants.
19

20

21

22

23

24

25

26

27

28
    322534063.3
                                    1

Defendant LABORATORY CORPORATION OF AMERICA ("Defendant"), hereby answers Plaintiff MIGUEL ANGEL ROSADO CRUZ'S ("Plaintiff") Class Action Complaint ("Complaint") as follows:

### GENERAL DENIAL

Defendant generally denies each and every allegation contained in Plaintiff's Complaint, and further denies that Plaintiff is entitled to equitable or injunctive relief, compensatory damages, economic and/or special damages, unpaid wages, penalties, restitution, interest, attorneys' fees, costs of suit, or any other relief of any kind whatsoever.

### AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative or other defenses. By asserting these defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative or other defenses asserted below. Defendant does not presently know all the facts concerning the conduct of Plaintiff sufficient to state all affirmative or other defenses at this time. Defendant will seek leave of the Court to amend this answer should it later discover facts demonstrating the existence of additional affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

1.     The Complaint and each cause of action alleged therein fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

2.     The Complaint is barred, in whole or in part, by the applicable statute(s) of limitation, including without limitation, California Code of Civil Procedure sections 338(a), 340(a) and 343, California Labor Code, and California Business and Professions Code.

322534063.3

2

**THIRD AFFIRMATIVE DEFENSE**

**(LACK OF STANDING)**

3.      The Complaint, and each cause of action set forth therein, or some of them, is barred because the named Plaintiff lacks standing as a representative of the proposed class and does not adequately represent the putative class members.

**FOURTH AFFIRMATIVE DEFENSE**

**(CLASS ACTION STATUS – UNCONSTITUTIONAL)**

4.      The Complaint, and each cause of action set forth therein, or some of them, is barred because certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution and/or a denial of Defendant's equal protection rights.

**FIFTH AFFIRMATIVE DEFENSE**

**(CLAIMS NOT SUITABLE ON CLASS BASIS)**

5.      The Complaint, and each and every cause of action therein, are barred because Plaintiff is not an adequate and proper representative of any group of putative class members Plaintiff seeks to represent.

**SIXTH AFFIRMATIVE DEFENSE**

**(CLASS ACTION – NO DAMAGES)**

6.      The Complaint, and each cause of action set forth therein, or some of them, is barred because this case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

**SEVENTH AFFIRMATIVE DEFENSE**

**(EQUITABLE DEFENSES)**

7.      Any recovery on Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff and/or the alleged putative class members' claims are estopped, barred by laches, or barred by unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(UNCERTAIN)**

8.      Any recovery on Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's and/or the alleged putative class members' Complaint, theories of liability, and scope of the class are uncertain.

**NINTH AFFIRMATIVE DEFENSE**

**(CONSENT)**

9.      The Complaint and each cause of action alleged therein are barred by the doctrine of consent.

**TENTH AFFIRMATIVE DEFENSE**

**(GOOD FAITH)**

10.      The Complaint, in whole or in part, is barred to the extent that any violation of the Labor Code or an order of the Industrial Welfare Commission was an act or omission made in good faith, and Defendant had reasonable grounds for believing that the act or omission was not a violation of the Labor Code or any order of the Industrial Welfare Commission and that, accordingly, it did not willfully or intentionally fail to pay additional compensation to Plaintiff or class members, and no waiting time penalties should be awarded Plaintiff or class members for any violation thereof that may be found to exist.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(INJURY RESULTED FROM ACT OR OMISSION OF PLAINTIFF AND/OR THE PUTATIVE CLASS)**

11.      Each purported cause of action contained in the Complaint, or some of the causes of action, are barred because the alleged losses or harms sustained by Plaintiff and/or the putative

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

1  class, if any, resulted from the acts or omissions of Plaintiff and/or the putative class, and/or was

2  proximately caused by the actions or inactions of Plaintiff and/or the putative class.

3  **TWELFTH AFFIRMATIVE DEFENSE**

4  **(BREACH OF DUTIES)**

5  12.    The Complaint and each cause of action set forth therein is barred by Plaintiff's

6  and/or the alleged putative class members' own breach of duties owed to Defendant under

7  California Labor Code sections 2853, 2854, and/or 2856-2859, because, *inter alia*, based on

8  information and belief, Plaintiff and/or the alleged putative class members' affirmatively indicated

9  he/they received meal and rest breaks and compensation for time and otherwise failed to report

10 claims upon which the complaint is asserted.

11 **THIRTEENTH AFFIRMATIVE DEFENSE**

12 **(FAILED TO COMPLY WITH POLICY)**

13 13.    The Complaint is barred, in whole or in part, to the extent Plaintiff or the putative

14 class members failed to comply with applicable policies or instructions and such failure

15 proximately caused their alleged damages, if any.

16 **FOURTEENTH AFFIRMATIVE DEFENSE**

17 **(REFUSAL TO TAKE BREAKS PROVIDED)**

18 14.    Assuming *arguendo* that Plaintiff and/or the putative class he seeks to represent

19 were entitled to meal and/or rest breaks, Plaintiff and/or the putative class he seeks to represent

20 have no right to a premium payment under California Labor Code section 226.7 because they (1)

21 refused to take breaks that were provided to them in compliance with California law, (2) chose not

22 to take the breaks that were authorized and permitted, (3) chose not to take breaks without

23 permission or the actual or constructive knowledge of Defendant, or (4) waived their right to meal

24 breaks under California Labor Code section 512(a).

25 **FIFTEENTH AFFIRMATIVE DEFENSE**

26 **(LABOR CODE SECTIONS 201 AND 202 – GOOD FAITH DISPUTE)**

27 15.    The Complaint fails to state a claim for penalties under the California Labor Code

28 because (1) there are bona fide good faith disputes as to whether further compensation is due to

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff and/or the putative class members, and if so, as to the amount of such further compensation; (2) Defendant has not willfully failed to pay such additional compensation, if any is owed; and (3) to impose penalties in this case would be inequitable and unjust.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (LABOR CODE SECTION 203 – NO WILLFUL OR INTENTIONAL VIOLATION)

16.     The Complaint fails to state a claim for penalties under California Labor Code section 203 because Defendant did not willfully or intentionally violate Labor Code sections 201 or 202.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (WAITING TIME PENALTIES – STATUTE OF LIMITATIONS)

17.     Any claim for penalties pursuant to Labor Code section 203 is barred, in whole or in part, by the statute of limitations, as any claim stopped accruing upon the filing of the complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (NO INJURY OR STANDING FOR WAGE STATEMENT CLAIM)

18.     Plaintiff and the putative class did not suffer injury as a result of any failure to provide accurate itemized wage statements and so lack standing to assert a claim under California Labor Code section 226.

### NINETEENTH AFFIRMATIVE DEFENSE

### (SECTION 17200 UNCONSTITUTIONAL)

19.     The prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200, *et seq*., is unconstitutionally vague and overbroad and, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, and right to equal protection in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution, in that it would prevent Defendant from raising individual defenses against each putative class member.

6

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

1          **TWENTIETH AFFIRMATIVE DEFENSE**

2          **(ADEQUATE REMEDY AT LAW)**

3          20.      Plaintiff's claim for injunctive relief is barred because Plaintiff has an adequate and

4     complete remedy at law.

5          **TWENTY-FIRST AFFIRMATIVE DEFENSE**

6          **(NO STANDING FOR UNFAIR BUSINESS PRACTICES CLAIM)**

7          21.      The claim for Unfair Business Practices fails to the extent that Plaintiff lacks

8     standing as a representative of a purported class under California Business and Professions Code

9     section 17204.

10          **TWENTY-SECOND AFFIRMATIVE DEFENSE**

11          **(RES JUDICATA AND COLLATERAL ESTOPPEL)**

12          22.      The Complaint is barred, in whole or in part, by the doctrines of res judicata and/or

13     collateral estoppel, to the extent that Plaintiff, the putative class members or other putative

14     beneficiary of this action has asserted in prior legal or administrative proceedings, either as an

15     individual or member of a class, that he or she was denied meal or rest breaks, entitled to payment

16     for minimum wages, overtime wages, penalties or damages under California Labor Code sections

17     201, 201.3, 202, 203, 204, 210, 226, 226.7, 510, 512, 558, 1194, 1198, 2800, or 2802, and did not

18     prevail on such claim.

19          **TWENTY-THIRD AFFIRMATIVE DEFENSE**

20          **(OFFSET)**

21          23.      To the extent Plaintiff or the putative class members are entitled to any additional

22     compensation, such additional compensation must be offset by the amount of any compensation

23     and/or other monies Plaintiff or the putative class members received from any Defendant, at any

24     time, in excess of the amount of compensation to which they were legally entitled for work

25     performed.

26

27

28

322534063.3                                   7
**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(COMPROMISE AND RELEASE)**

24.     The Complaint is barred, in whole or in part, to the extent Plaintiff or the putative class members knowingly and voluntarily settled, compromised, and released claims alleged in this lawsuit.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(UNJUST ENRICHMENT)**

25.     The Complaint is barred, in whole or in part, by the doctrine of unjust enrichment.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(CLAIMS UNCONSTITUTIONALLY VAGUE AND AMBIGUOUS)**

26.     The Complaint, and each cause of action set forth therein, or some of them, is barred because the applicable Wage Orders of the Industrial Welfare Commission and California Business and Professions Code sections 17200 *et seq.*, are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(LACK OF STANDING TO RECOVER PENALTIES)**

27.     Plaintiff lacks standing to bring this action for, and the court lacks jurisdiction to award, certain of the civil and statutory penalties sought in the Complaint, as such penalties may only be imposed in a proceeding brought by the California Labor Commissioner.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(NO PREJUDGMENT INTEREST)**

28.     The Complaint fails, in whole or in part, to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2

## (NO ATTORNEYS' FEES)

3      29.    The Complaint fails, in whole or in part, to state a claim for which attorneys' fees

4  and costs may be granted, particularly as to, inter alia, claims for failure to provide meal and rest

5  breaks.

6

## THIRTIETH AFFIRMATIVE DEFENSE

7

## (LABOR CODE AND IWC ORDERS UNCONSTITUTIONALLY VAGUE)

8      30.    Defendant alleges that the Complaint and each cause of action therein, or some of

9  them, are barred because the applicable Labor Code sections and/or wage order(s) of the Industrial

10  Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights

11  under the United States Constitution and the California Constitution as to, among other things, due

12  process of law.

13

## THIRTY-FIRST AFFIRMATIVE DEFENSE

14

## (FAILURE TO USE ORDINARY CARE)

15     31.    Plaintiff's and/or putative class members' individual claims are barred by California

16  Labor Code §§ 2854 and 2856 in that Plaintiff and/or the putative class members failed to use

17  ordinary care and diligence in the performance of their duties and failed to comply substantially

18  with the reasonable directions of their employer.

19

## THIRTY-SECOND AFFIRMATIVE DEFENSE

20

## (FULL PERFORMANCE)

21     32.    Without admitting the existence of any duties or obligations as alleged in the

22  Complaint, any such duties or obligations which were owed to Plaintiff and/or the putative class

23  members have been fully performed, satisfied or discharged by, inter alia, paying all wages owed,

24  providing meal and rest breaks, providing accurate wage statements, and timely paying for time

25  worked.

26

27

28

322534063.3

9

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(WAGE STATEMENTS – NOT KNOWING OR INTENTIONAL)**

33.     Any claims for penalties pursuant to California Labor Code section 226 are barred, in whole or in part, because Plaintiff and/or the putative class members were not "injured" thereby and/or because Defendant alleged failure to comply was not a "knowing and intentional failure" under California Labor Code section 226(e).

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

34.     Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and the purported cause of action therein are barred by the equitable doctrine of estoppel.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(FEDERAL PREEMPTION)**

35.     Defendant alleges that Complaint is barred, in whole or in part, by federal law, including but not limited to the Fair Labor Standards Act.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(AVOIDING AND/OR SECRETING)**

36.     Defendant alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred to the extent that Plaintiff and/or some, or all, of the putative class members secreted or absented themselves or the work purportedly performed without notice to Defendant, to avoid payment of wages, thereby relieving Defendant of liability for damages or penalties under the California Labor Code.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(ACCORD AND SATISFACTION)**

37.     Defendant alleges that the Complaint and cause of action asserted therein, in whole or in part, fails to the extent Plaintiff and/or any putative class members have been fully paid all amounts legally owed to them by Defendant, since by accepting the payments made to them,

Plaintiff and/or the putative class members have effectuated an accord and satisfaction of their claims.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (MEAL AND REST PERIODS - WAIVER)

38.    Plaintiff's and/or the putative class members' claims are barred, in whole or in part, because Defendant provided Plaintiff and/or the putative class members with meal and rest periods, and any failure by Plaintiff and/or the putative class members to take meal and/or rest breaks constituted a waiver by Plaintiff and/or the putative class members, including for any meal break during shifts six hours or less or for shifts of 12 hours or less where the first meal break was taken. This waiver includes Plaintiff's and/or putative class members' intentional decisions not to take a provided meal or rest period, and/or to the extent that the failure to take meal and/or rest breaks was the result of a failure by Plaintiff and/or the putative class members to follow Defendant's reasonable instructions.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (NO LIABILITY FOR HOURS THAT ARE NOT WORKING TIME)

39.    The Complaint, and each and every cause of action alleged therein, is barred to the extent that the hours for which Plaintiff claims compensation are not working time under California state law, including the applicable California Industrial Welfare Commission Wage Orders.

### FORTIETH AFFIRMATIVE DEFENSE

### (NO OVERTIME)

40.    The Complaint, and each and every cause of action alleged therein, is barred on the ground that to the extent Plaintiff worked any overtime, such work was not authorized by Defendant and performed without Defendant's knowledge.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (ADDITIONAL AFFIRMATIVE DEFENSES)

41.    Defendant alleges that it may have additional, yet unstated, defenses available. Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted

11

herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time. Defendant reserves the right to assert additional defenses as information is gathered through discovery and investigation. In asserting these defenses, Defendant does  not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters and does not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiff has the burden of proof or persuasion.

WHEREFORE, Defendant prays that:

1.    Plaintiff takes nothing by his Complaint;

2.    The Complaint be dismissed, in its entirety, with prejudice;

3.    Defendant be awarded its attorneys' fees and costs of suit incurred herein; and

4.    The Court award Defendant such further relief as it deems just and proper.

Dated: February 26, 2025

K&L GATES LLP

By:_____

Ferry E. Lopez
Paul M. Suh
Attorneys for Defendant
LABORATORY CORPORATION OF AMERICA

322534063.3

12

# PROOF OF SERVICE

*[Miguel Angel Rosado Cruz v. Laboratory Corp. of America,* SBSC Case No. CIVSB2433552]

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **February 26, 2025**, I served the document(s) described as:

**DEFENDANT LABORATORY CORPORATION OF AMERICA'S ANSWER TO PLAINTIFF
MIGUEL ANGEL ROSADO CRUZ'S CLASS ACTION COMPLAINT**

on the interested parties in this action by delivering a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Kevin Mahoney                              *Attorneys for Plaintiff*
John A. Young                              Miguel Angel Rosado Cruz
MAHONEY LAW GROUP, APC
249 East Ocean Boulevard, Suite 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile:  (562)-590-8400
Email:  kmahoney@mahoney-law.net
        jyoung@mahoney-law.net

☒    **MAIL:**  I placed for collection and processing such envelope(s) to be deposited in the mail at Los Angeles, California, with postage thereon fully prepaid to the office of the addressee(s) as indicated above.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business herein attested to  (C.C.P. § 1013(a)).  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒    **BY EMAIL:**  I sent copies of the document(s) to the above counsel via email at the address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **February 26, 2025**, at Los Angeles, California.

_____
Jonathan Randolph

**PROOF OF SERVICE**

*[Miguel Angel Rosado Cruz v. Laboratory Corp. of America,* SBSC Case No. CIVSB2433552]

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **February 27, 2025**, I served the document(s) described as:

**DECLARATION OF PAUL M. SUH IN SUPPORT OF DEFENDANT LABORATORY CORPORATION OF AMERICA'S NOTICE OF REMOVAL TO FEDERAL COURT**

on the interested parties in this action by delivering a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Kevin Mahoney | *Attorneys for Plaintiff* |
| John A. Young | Miguel Angel Rosado Cruz |
| MAHONEY LAW GROUP, APC | |
| 249 East Ocean Boulevard, Suite 814 | |
| Long Beach, CA 90802 | |
| Telephone: (562) 590-5550 | |
| Facsimile: (562)-590-8400 | |
| Email: kmahoney@mahoney-law.net | |
|     jyoung@mahoney-law.net | |

☒ **MAIL:** I placed for collection and processing such envelope(s) to be deposited in the mail at Los Angeles, California, with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business herein attested to (C.C.P. § 1013(a)). I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ **BY EMAIL:** I sent copies of the document(s) to the above counsel via email at the address(es) listed above.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **February 27, 2025**, at Los Angeles, California.

_____
Jonathan Randolph

322574841.1

1

**PROOF OF SERVICE**

RECYCLED PAPER